

# Fourth Court of Appeals
## San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-25-00676-CV

David **CORTEZ**,
Appellant

v.

Alicia **CORTEZ**,
Appellee

From the 438th Judicial District Court, Bexar County, Texas
Trial Court No. 2023-CI-26558
Honorable John D. Gabriel Jr., Judge Presiding

PER CURIAM

Sitting:    Irene Rios, Justice
           Lori I. Valenzuela, Justice
           Lori Massey Brissette, Justice

Delivered and Filed: July 29, 2026

JUDGMENT VACATED; REMANDED

Appellant sought to appeal a default divorce decree. While this appeal was pending, the parties successfully mediated the case and filed a motion asking this court to render judgment in accordance with their agreement and to dismiss the appeal. The agreed judgment includes conservatorship and child support findings as well as an agreed parenting plan. While the family code provides for parties to enter into a written agreed parenting plan containing provisions for conservatorship and possession of the child, it requires the trial court's approval based on a finding

that the agreed parenting plan is in the child's best interest. *See* TEX. FAM. CODE ANN. § 153.007; *In re Villanueva*, 292 S.W.3d 236, 239 (Tex. App.—Texarkana 2009, orig. proceeding) ("The Texas Family Code permits the parties to submit an agreed parenting plan, but that agreed plan must still be approved by the trial court."). "This mandate is consistent with the Texas Family Code's general pronouncement that the child's best interest is to be the 'primary consideration' in determining issues of conservatorship and possession of and access to the child." *Villanueva*, 292 S.W.3d at 239.

Although the parties ask this court to render judgment in accordance with its agreed settlement, this court is not a fact-finding court that can make the best-interest determination in the first instance. *Van Heerden v. Van Heerden*, 321 S.W.3d 869, 874 (Tex. App.—San Antonio 2010, no pet.) ("Although appellate courts can unfind facts, they are not fact-finding courts.") "Appellate courts, however, can remand a case when further proceedings are necessary." *Id.* "This is often the case in situations that require reweighing evidence or finding facts." *Id.* (citing TEX. R. APP. P. 43.3). Therefore, we set aside the trial court's judgment without regard to the merits, and we remand the cause to the trial court for rendition of judgment in accordance with the parties' agreement, subject to the court's approval of the parenting plan based on findings that the plan is in the child's best interest. *See* TEX. R. APP. P. 42.1(a)(2)(B); *See* TEX. FAM. CODE ANN. § 153.007.

PER CURIAM